Filed 3/22/22  P. v. Santana CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDRES SANTANA,<br><br>Defendant and Appellant. | 2d Crim. No. B299353<br>(Super. Ct. No. TA063973)<br>(Los Angeles County)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION<br>(No Change in Judgment) |

THE COURT:

Appellant's petition for rehearing is denied.  It is ordered that the opinion filed herein on March 3, 2022, be modified as follows:

1.  On Page 10, add the following language as a new paragraph at the end of footnote 5:

On March 10, 2022, appellant filed a petition for rehearing, claiming we did not address all the issues he personally raised in the supplemental briefs he submitted after his appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

Appellant's supplemental briefs raised the *Banks/Clark* issue, which we have discussed at length, and argued that his section 1170.95 petition stated a prima facie case for relief and that he was entitled to the appointment of counsel. Our determination that the special circumstance finding renders him ineligible for section 1170.95 relief as a matter of law resolves these issues against him.

No change in judgment.

GILBERT, P.J.          YEGAN, J.          PERREN, J.

2

Filed 3/3/22  P. v. Santana CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANDRES SANTANA,<br><br>  Defendant and Appellant. | 2d Crim. No. B299353<br>(Super. Ct. No. TA063973)<br>(Los Angeles County) |

In 2002, Andres Santana was convicted of two counts of murder (Pen. Code, § 187, subd. (a))[1] and two counts of robbery (§ 211).  The jury found true the special circumstance allegations that Santana committed the murders while engaged in a robbery (§ 190.2, subds. (a)(17)(A), (d)), for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), which resulted in multiple murders (§ 190.2, subd. (a)(3)).  The trial court sentenced Santana to life without the possibility of parole plus 10 years for the gang

---

[1] All statutory references are to the Penal Code.

enhancement.  (*People v. Santana* (Apr. 11, 2005, B167415) [nonpub. opn.].)[2]

In 2019, Santana filed a petition to vacate his murder convictions and obtain resentencing pursuant to section 1170.95, which was added to the Penal Code by Senate Bill No. 1437 (S.B. 1437).  (Stats. 2018, ch. 1015, § 4.)  The trial court denied the petition without appointing counsel.  It determined the petition lacked merit because (1) the jury found Santana "was a major participant in the underlying crime" by finding the felony-murder special circumstance true and (2) the jury was not instructed on the natural and probable consequences doctrine.

Santana appeals the order denying the petition.  We conclude the true finding on the felony-murder special circumstance allegation rendered him ineligible for section 1170.95 relief as a matter of law.  Accordingly, we affirm.

FACTS

The following summary of the facts is taken from our unpublished 2005 opinion (*People v. Santana, supra*, B167415):

In the late evening, victims Reynaldo Aguilar and Tony Esquer were sitting in a parked SUV with Raul Mata.  The three men had smoked crack cocaine earlier that day and were drinking beer in the SUV.

Mata saw Santana and a man named Eric walk by.  Mata recognized Santana as a man he had seen in the neighborhood

---

[2] On direct appeal, we struck the 10-year gang enhancement but otherwise affirmed the judgment.  (*People v. Santana, supra*, B167415.)  The California Supreme Court granted Santana's petition for review and directed us to reconsider our decision in light of *People v. Lopez* (2005) 34 Cal.4th 1002.  We again affirmed.  (*People v. Santana, supra*, B167415.)

from time to time over the past few years. Mata knew that Santana and Eric were members of the Lynnwood Dukes street gang.

Mata left the SUV to buy more beer while Aguilar and Esquer remained in the vehicle. While Mata was on the street, Santana and Eric approached him and demanded money. Eric took $10 out of Mata's pocket.

Santana and Eric began walking towards the SUV. Mata followed. As Santana and Eric reached the SUV, Mata saw a third person hiding behind the vehicle. Either Santana or Eric opened the door. They demanded money and started beating Aguilar. Mata hid for a few minutes and then fled and called 911. It was later determined that Aguilar and Esquer suffered multiple bruises and more serious wounds to the head. Both died from skull fractures caused by a blunt instrument.

A few minutes after Mata's 911 call, police officers arrived at the scene and discovered the bodies near the SUV. Mata approached the police and immediately identified the assailants as Santana and Eric. An officer testified that Mata described Santana as five feet ten inches tall with a bald head. But, at trial, Mata testified that Santana was about five feet five or six inches tall. Mata admitted that he had consumed about 18 beers during the day, including four within two or three hours prior to the murders.

The morning after the murders, Mata was asked to look at a photographic "six-pack" provided by the police. He stated he did not want to get involved and at first failed to identify Santana or anyone else. After a break, Mata identified Santana as one of the assailants. Mata also identified Santana in a lineup in June 2002, and at trial in November 2002.

3

DISCUSSION

"Under the felony-murder rule as it existed prior to Senate Bill 1437, a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state. [Citation.] . . . [¶] Independent of the felony-murder rule, the natural and probable consequences doctrine rendered a defendant liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense. [Citation.]" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-248.)

The Legislature amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

To achieve this goal, S.B. 1437 amended section 189, insofar as it pertains to the felony-murder rule, to add subdivision (e), which provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [e.g., robbery] in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with

4

reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Section 1170.95, added by S.B. 1437, gives retroactive effect to the changes in sections 188 and 189. It provides: "A person convicted of felony murder or murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when" certain conditions apply. (§ 1170.95, subd. (a).) One of the conditions is that "[t]he petitioner could not be convicted of murder . . . because of changes to Section 188 or 189 made [by S.B. 1437] effective January 1, 2019." (*Id.*, subd. (a)(3).) The petition must include a declaration by the petitioner showing he is eligible for the relief afforded by section 1170.95. (*Id.*, subd. (b)(1)(A).)

Santana claims he is entitled to section 1170.95 relief because he was convicted of murder under a felony-murder theory that is not permitted under current law. Citing *Gikas v. Zolin* (1993) 6 Cal.4th 841, Santana contends that a "true" finding on felony murder special circumstances may not be used to deny section 1170.95 relief because the Legislature prohibited such use by specifying that only a "not true" finding on the special circumstance was preclusive. We are not persuaded. The Legislature is presumptively aware of existing law when it enacts new laws. (*People v. Lawson* (2020) 52 Cal.App.5th 1121, 1130-1131.) Considering section 1170.95's statutory scheme, it is apparent the Legislature intended to bar relief to a petitioner who was a major participant in the underlying felony who acted with reckless indifference to human life, as reflected in the jury's true finding on the felony-murder special circumstance. (See § 189, subd. (e).)

5

Santana also argues he is entitled to relief under section 1170.95 because his conviction predated our high Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). "*Banks* and *Clark* did not create a new rule of law, but rather 'clarified' the already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for purposes of special circumstance allegations under section 190.2, subdivision (d)." (*People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854 (*Jones*).)

*Banks* concluded: "Reckless indifference to human life 'requires the defendant be "subjectively aware that his or her participation in the felony involved a grave risk of death."'" (*Banks*, *supra*, 61 Cal.4th at p. 807, italics omitted.) In determining whether the defendant was a major participant, the Court noted that "the ultimate question" is "whether the defendant's participation 'in criminal activities known to carry a grave risk of death' [citation] was sufficiently significant to be considered 'major' [citations]." (*Id.* at p. 803.) In *Clark*, the Court set forth factors to be considered in deciding whether the defendant was a major participant and acted with reckless indifference to human life. (*Clark*, *supra*, 63 Cal.4th at pp. 611, 618-623.)

Santana contends he is not ineligible for section 1170.95 relief as a matter of law because no court or jury has ever found that he acted with reckless indifference to human life as a major participant as those terms are now understood under *Banks*/ *Clark*. "Our appellate courts have recently split over whether . . . a pre-*Banks/Clark* special circumstance finding renders a petitioner ineligible for relief under section 1170.95 as a matter of

6

law.[3]  (Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, . . . [review granted Oct. 14, 2020, S264033] (*Gomez*); *People v. Galvan* (2020) 52 Cal.App.5th 1134 . . . review granted Oct. 14, 2020, S264284 (*Galvan*); and *People v. Allison* (2020) 55 Cal.App.5th 449 . . . [review denied Dec. 23, 2020, S265450] (*Allison*) [concluding the special circumstance finding renders a petitioner ineligible for relief as a matter of law], with *People v. Torres* (2020) 46 Cal.App.5th 1168 . . . review granted June 24, 2020, S262011 . . . ; *People v. Smith* (2020) 49 Cal.App.5th 85 . . . review granted July 22, 2020, S262835 . . . ; and *People v. York* (2020) 54 Cal.App.5th 250 . . . [review granted Nov. 18, 2020, S264954] . . . .[concluding section 1170.95 relief may be available if the special circumstance finding predates *Banks/Clark*].)  As we will explain, we agree with the *Gomez*/*Galvan*[/*Allison*] line of decisions and hold that a petitioner with a pre-*Banks/Clark* finding is ineligible for relief under section 1170.95 as a matter of law." (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479.)

First, we "turn[] to the language of section 1170.95 itself: In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437.  (§ 1170.95, subd. (a)(3).)

---

[3] The issue is pending before the Supreme Court in *People v. Strong* (Dec. 18, 2020, No. C091162) 2020 Cal.App.Unpub Lexis 8505, review granted Mar. 10, 2021, S266606.  According to the Supreme Court's website, "[t]his case presents the following issue:  Does a felony-murder special circumstance finding (Pen. Code, § 190.2, subd. (a)(17)) made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?"

[¶] In this case, that requirement is not met. Although [Santana] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437. Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life. If [Santana] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan, supra,* 52 Cal.App.5th at p. 1142; *accord Gomez, supra,* 52 Cal.App.5th at p. 17 ["[T]he proper procedure for [petitioner] to challenge her special circumstance findings based on clarification of the relevant law in *Banks* and *Clark* is to bring a petition for habeas corpus, in which she would bear the burden of showing the findings must be vacated on the ground there is insufficient evidence to support them"]; see also *In re Scoggins* (2020) 9 Cal.5th 667, 676 [petitioner convicted of special circumstance murder prior to *Banks/Clark* is entitled to habeas corpus relief if his conduct did not fall within the scope of the special circumstance statute as clarified by *Banks/Clark*].)[4]

"Courts which have held that a pre-*Banks* and *Clark* felony-murder special-circumstance finding bars section 1170.95

---

[4] On December 18, 2019, Santana filed an in pro per petition for habeas corpus based on *Banks/Clark*. We deferred ruling in that matter (No. B303073) pending our decision in this appeal. Given our decision, we are issuing a separate order denying the habeas petition.

resentencing relief have [also] . . . note[d] that our Supreme Court does not require juries to be instructed on the *Banks* and *Clark* [factors]. . . . Thus, these courts found 'no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards.'" (*People v. Simmons* (2021) 65 Cal.App.5th 739, 747-748, review granted Sept. 1, 2021, S270048.)

## CONCLUSION

A petitioner is entitled to relief only if "[t]he petitioner could not be presently convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019 [by S.B. 1437]." (§ 1170.95, subd. (a)(3).) The *Banks/Clark* clarification of "reckless indifference to human life" and "major participant" became effective long before January 1, 2019. *Banks* was decided in 2015; *Clark* was decided in 2016. S.B. 1437's changes to sections 188 and 189 had no impact on the prior *Banks/Clark* clarification. The language of section 1170.95, subdivision (a)(3) is clear on its face – the petitioner is eligible for relief only if he could not be convicted of murder because of statutory changes "made effective January 1, 2019," not because of the Supreme Court's clarification of the law prior to January 1, 2019.

Accordingly, "[w]e . . . conclude [Santana's] special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law and the trial court properly denied his petition without an evidentiary hearing." (*Jones*, *supra*, 56 Cal.App.5th at p. 485.) "The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to

9

provide a do-over on factual disputes that have already been resolved."[5]  (*Allison, supra*, 55 Cal.App.5th at p. 461.)

DISPOSITION

The order denying Santana's petition for relief under section 1170.95 is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

---

[5] On April 15, 2021, the People filed a request for judicial notice of the record in the prior appeal (*People v. Santana, supra*, B167415), which Santana opposed.  We deny the request.

10

Michael J. Shultz, Judge
Superior Court County of Los Angeles
_____


Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

11